IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| KENNE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-201 |
| | ) | |
| WARDEN STAN SHEPARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate formerly incarcerated at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* in this matter. On November 4, 2014, the Court ordered Plaintiff to pay the filing fee or submit a new motion to proceed *in forma pauperis* ("IFP") in light of the fact that Plaintiff had been released from prison. (Doc. no. 5.) Plaintiff was cautioned that failure to respond in the requisite fourteen days would be an election to have this case voluntarily dismissed without prejudice. (See id.) The time to respond has passed, and Plaintiff has not complied with the Court's November 4th Order, nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co.,

434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff/petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court")

Here, the Court ordered Plaintiff to submit the filing fee or a new motion to proceed IFP within fourteen days of its November 14, 2014 Order, and it warned Plaintiff that, in the event he failed to do so, the Court would treat Plaintiff's failure to respond as an election to voluntarily dismiss his case and would recommend dismissal of his case, without prejudice. (See doc. no. 5.) Plaintiff's failure to comply with the terms of that Court Order, or even to provide the Court with an explanation for his failure to submit the filing fee or a new motion to proceed IFP, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff previously sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2]  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is not permanently barring Plaintiff from bringing a meritorious claim but rather is recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

As Plaintiff has neither filed a motion to proceed IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).